IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALAN SCOTT HOBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-121 |
| | ) | (Formerly CR 112-259) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at FCI Beckley in Beaver, West Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner has also filed an improper "Motion Requesting Issuance of a Certificate of Appealability If Court Denies Petitioner's 28 U.S.C. § 2255 Motion." (Doc. no. 13.) Not only was the motion filed in violation of the Local Rules and Federal Rules of Civil Procedure because it was not served on Respondent, but because no ruling has been made on the § 2255 motion, there is no final order to appeal at this time.

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. The District Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a COA issues, the District Court "must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a) to the Rules Governing Section 2255.

As no recommendation from this Court has issued, let alone has a final order adverse to Petitioner been entered, the request for a COA is premature. Nor does Petitioner's attempt to frame his motion in terms of a future request correct the problem because he cannot know what the Court's ruling will be, let alone identify which part of any adverse ruling might qualify as a "substantial showing of the denial of a constitutional right." Accordingly, the Court **DIRECTS** the **CLERK** to terminate the premature request for a COA. (Doc. no. 13.) If necessary, Petitioner may re-urge his motion at the appropriate time, after the entry of any final adverse order entered by the District Court. Petitioner is reminded of the requirement first explained to him in the Court's August 10, 2015 Order, (doc. no. 3), that all of his filings must be served on the United States Attorney in Augusta, Georgia. He may not simply submit multiple copies and rely on the Clerk of Court to serve the papers for him.

SO ORDERED this 15th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA