IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALAN SCOTT HOBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-121 |
| | ) | (Formerly CR 112-259) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner Alan Scott Hobbs filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On May 27, 2016, the United States Magistrate Judge entered a Report and Recommendation ("R&R") advising that the § 2255 motion should be denied without an evidentiary hearing and judgment should be entered in favor of Respondent. (Doc. no. 15.) Objections to that recommendation were due June 13, 2016. (Doc. no. 16.) Petitioner requested an indefinite extension of time to file objections, explaining that his mail had been delayed and he was awaiting a ruling from the state habeas court concerning a challenge to his 2007 terroristic threats convictions. (Doc. no. 17.)

The Magistrate Judge declined to grant an indefinite extension but allowed "an extension of time through and including July 13, 2016, to file his *objections*" to the May 27th R&R. (Doc. no. 19, p. 2 (emphasis added).) The Magistrate Judge also explained an extension to object based on the conclusion of state habeas proceedings was not warranted because Petitioner had offered no viable reason why a forthcoming ruling about the validity

of a 2007 conviction had any bearing on this Court's decision in 2013 not to continue Petitioner's federal trial. (Id. at 1.) Petitioner now appeals the denial of his requested indefinite extension, although he does not identify any specific portion of the order which is allegedly erroneous. (Doc. no. 23.) Nor does Petitioner offer any analysis in support of his objection to moving forward with his case. He simply asks the Court to overturn the ruling based on a reading of two motions to add claims to his § 2255 motion filed *after* the Magistrate Judge explained why none of Petitioner's claims as originally filed had any merit.

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Here, the Magistrate Judge more than doubled the standard, fourteen-day objections period for responding to the May 27th R&R. See Fed. R. Civ. P. 72(b)(2); Loc. R. 72.2. Rather than use the additional time to file objections, Petitioner has flooded the Court with additional motions.[1] (See doc. nos. 20, 22, 24, 25, 26, 27, 28, 29.) Not only has Petitioner

---

[1] Some of the motions have nothing to do with the claims pending before the Court. For example, Petitioner has filed a "Second Motion to Receive a Copy of the Photographs of Mrs. Jefferies' Injuries Incurred on October 16, 2012," in which he complains he did not receive an immediate response to his first request for the pictures filed after the entry of the May 27th R&R. (Doc. nos. 18, 22.) Neither motion explains what the pictures have to do with any pending § 2255 claim. Both motions assert only that Petitioner believes the prosecutor's description of the injuries portrayed in the pictures "was exaggerated," and

2

failed to use the extension for its stated purpose – filing objections – but he still offers no viable explanation of the relevance of any forthcoming state habeas ruling to the Court's decision in 2013 to deny another continuance in his federal trial. As has already been explained twice to Petitioner, the pendency of a challenge to the terroristic threats conviction was irrelevant in 2013 because Rule 609 of the Federal Rules of Evidence allows for admissibility even if an appeal of a prior conviction is pending. (Doc. no. 15, p. 3; doc. no. 19, p. 1.)

Because the challenged ruling is not clearly erroneous or contrary to law, the Court **OVERRULES** the objections, (doc. no. 23), and **AFFIRMS** the Magistrate Judge's Order. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010). The Court **GRANTS** one final extension of time until July 25, 2016, for Petitioner to file *objections* to the May 27th R&R. (Doc. no. 29.) Respondent must file any response to the objections by September 6, 2016, the deadline set by the Magistrate Judge for responding to Petitioner's numerous pending motions. (See doc. no. 30.)

SO ORDERED this 7th day of July, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Petitioner wants to see and be able to use them in some unknown way in any appeal. Expanding the record requires a showing that additional materials relate to the § 2255 motion. Rule 7, Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner has not shown relatedness of the pictures to any pending claim, and both motions are **DENIED**. (Doc. nos. 18, 22.)

3